UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-06265-MRA-DMK | Date | October 30, 2026 |
| Title | *Sergio Bahena Catalan v. Jaime Rios, et al.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [6]**

On October 22, 2026, Petitioner Sergio Bahena Catalan ("Petitioner") filed a Petition for Writ of Habeas Corpus, ECF 1. On October 23, 2026, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order (the "TRO Application"), ECF 6. Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") and seeks a TRO ordering his immediate release. ECF 6-1 at 16.

The government opposed the TRO Application, arguing that the Court lacks jurisdiction over Petitioner's habeas action as Petitioner is not currently detained in the Central District of California, but in California City, California, located in the Eastern District of California. ECF 9 at 2. However, records filed with the Petition indicate that at the time of filing, Petitioner was being held at the Adelanto Detention Center, located within the Central District of California. ECF 1, Ex. 1. "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990). Accordingly, the Court finds that it has jurisdiction over this action and turns to the merits of Petitioner's TRO Application.

The Court issued General Order No. 26-05 to facilitate the expedited resolution of the influx of petitions for writs of habeas corpus filed by those in immigration detention. ECF 5. Pursuant to Section 2 of the General Order, the Court set a briefing schedule for the Petition: Respondents' answer is due by October 30, 2026, and Petitioner's reply is due no later than 3 days after the answer is served. *Id.* In light of the expedited briefing schedule on the underlying habeas petition, the Court is not convinced that emergency relief is necessary, as any delay that may result from awarding Petitioner relief based on the habeas petition alone would be brief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (Petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief"). Consistent with Section 3 of the General Order, the Court will deny any renewed motion that fails to provide a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-06265-MRA-DMK | Date | October 30, 2026 |
| Title | *Sergio Bahena Catalan v. Jaime Rios, et al.* | | |

specific showing that Petitioner will suffer "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."

Accordingly, Petitioner's TRO Application is **DENIED** without prejudice. Proceedings on the merits of Petitioner's underlying Petition will continue before the Magistrate Judge.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk mku